No. 20,233.

JOHN BEGGS, *Appellant,* v. SAMUEL B. NEWLAND, *Appellee.*

SYLLABUS BY THE COURT.

WATERS OVERFLOWING LAND—*Ditches and Dikes—Injunction.* Under the findings which are supported by the evidence, it is held that whether or not the ditches and dikes in controversy constitute an easement or servitude, neither party is entitled to an injunction or to substantial damages.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed June 10, 1916. Affirmed.

*C. S. Crawford,* of Abilene, for the appellant.
*S. S. Smith,* of Abilene, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, Beggs, owns a quarter section of land adjoining which on the east is an eighty acre tract owned by defendant, Newland. On the north of these tracts runs a

highway called the Detroit road. In a direction a little north and east the Union Pacific railroad runs across these tracts below the center thereof. From the findings it appears that the parties have owned their respective tracts for several years. Both are located in the Smoky Hill bottom and are level agricultural lands. Each of the parties traces his title to T. C. Henry who owned both tracts in the seventies. Before the Detroit road was opened or the lands improved, surface water caused from heavy rains falling on lands adjoining on the north would run southwest over the defendant's land, thence to the railroad right of way, thence down the same eastward to the Smoky Hill river. Sometimes such waters would spread out over the northeast corner of the plaintiff's land, thence southeast over the Newland land to the railroad right of way. While Henry was owner of both tracts he dug a ditch from two to four feet deep running south from the Detroit road to the railroad right of way, twenty-five or thirty feet from the west line of the present Newland tract, the dirt being thrown out on the east side of such ditch. Ditches were also made connecting this with the Detroit road, and one was dug running along the south side of the same to the northeast corner of the Newland eighty, the dirt being thrown out on the north line of the Newland land, forming a dike two or three feet high, and another ditch ran from the west along the north line of the Beggs line, the dirt being thrown out on the Newland side, forming a similar dike. Two bridges or culverts were made across the Detroit road to connect with these ditches, one at the northeast corner of the Newland land and the other near the northwest corner thereof on the Beggs land. These ditches, dikes and culverts have been kept up for the purpose of carrying surface waters caused from heavy rains coming from the land adjoining on the north. They did not carry the surface water in the identical course they would otherwise have taken when the land was in its natural condition, but only varied slightly therefrom. The road authorities acquiesced and coöperated in the building and maintaining of the bridges and culverts across the Detroit road. In times of heavy rains the waters would overflow the ditches and break over the dikes along both the Beggs and Newland lands and wash out the dikes in places. Beggs rebuilt the dike alongside of his

land when the same was washed out. He also dug a ditch running across the southwest corner of the Newland land connecting with a ditch running south over his land for the purpose of emptying into the ditch running along the right of way. In 1911 the then owner of the Newland land dug a ditch running south along his east line connecting the highway and the railroad right of way and in times of heavy rains this proved insufficient to carry all the water, some of which turned west and ran in the ditch along the north side of the Detroit road, thence south through the culvert into the ditch running south on the Beggs land. In June, 1914, heavy rains having fallen, the north-and-south ditch on the Beggs land overflowed; some of the crops on the northeast corner thereof were destroyed. Beggs cut two small ditches across the north-and-south ditch to the line fence between his land and Newland's which caused the water to flow out of the Beggs ditch and spread out over the crop on Newland's land. When Newland discovered this he filled up these two small ditches at the line fence. All these other ditches, dikes and culverts were and are visible and plain to be seen by any one going upon the land.

The plaintiff, Beggs, sued to enjoin Newland from constructing and maintaining the dike along the west side of Newland's land and prayed that he be required to abate the nuisance caused by the construction of the dike along the Detroit road. The answer was a general denial and an averment that the plaintiff was injuring the defendant in the same way in which the latter was charged with injuring the plaintiff and by cutting through the embankment causing the water to flow on the defendant's land. Each asked for damages, the plaintiff for $500 and the defendant for $2000.

The court concluded as matter of law that plaintiff had no legal right to make the two small ditches and cast the water upon the land of Newland and that the latter had the right to fill them up to prevent the water from overflowing his land; that the ditch dug by Henry on the Beggs land created an easement which passed by the conveyance, and that the plaintiff was not entitled to an injunction requiring the defendant to remove the dike on the north of his land or the dike on the west of the ditch on plaintiff's land. The defendant was given judg-

ment against the plaintiff for nominal damages in the sum of $1 and the plaintiff was adjudged to pay the costs.

The plaintiff appeals and complains that the question of an easement or servitude was not within the issues and was injected into the case without jurisdiction or authority and that under the evidence the plaintiff was entitled to a decree. We do not deem it necessary to determine whether or not the ditches and dikes were rightly denominated an easement or servitude but we are convinced that the decision of the court was right in effect and that neither party was entitled to an injunction against the other, or to substantial damages. It is stated in the brief that the plaintiff has conveyed his land and has no further interest in this litigation but no substitution of parties has been asked for.

The judgment is affirmed.